# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LSP TECHNOLOGIES, INC.,**

      Plaintiff,

vs.

      Civil Action 2:10-cv-00526
      Judge Edmund A. Sargus, Jr.
      Magistrate Judge E. A. Preston Deavers

**METAL IMPROVEMENT**
**COMPANY, LLC,**

      Defendant.

## OPINION AND ORDER

This matter is before the court for consideration of Plaintiff's Motion to Consolidate Cases for Discovery and *Markman* Hearing (Doc. 18), Defendant's Memorandum in Opposition (Doc. 21), and Plaintiff's Reply (Doc. 22). Plaintiff seeks an order consolidating the instant action with Related Case No. 2:08-cv-0038, *LSP Technologies, Inc. v. Continuum Electro-Optics, Inc.*, a case also pending before this Court, for discovery and a *Markman* hearing. For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Consolidate (Doc. 18).

## I.

On January 14, 2008, Plaintiff, LSP Technologies, Inc. ("LSPT") filed two patent infringement actions against Continuum Electro-Optics, Inc. ("Continuum"). LSPT and Continuum develop and market laser peening technology. Laser peening or laser shock processing is the terminology used to describe the method of applying a repeated force to a piece of metal to enhance its strength and durability. In the first action, Case No. 2:08-cv-0038 ("Case 08-38"), LSPT alleges that Continuum's laser system infringes United States Patent No.

5,127,019 ("the '019 patent"), which relates to a laser peening apparatus.  In the second action, Case No. 2:08-cv-0039 ("Case 08-39"), LSPT alleges that Continuum's laser controller infringes its United States Patent 6,191,385 ("the '385 Patent"), which relates to laser controllers for controlling laser peening systems.  Upon Continuum's motion, Case 08-38 and Case 08-39 were consolidated.  On February 6, 2009, LSPT filed an amended complaint, adding a claim of infringement of U.S. Patent No. 6,373,876 ("the '876 Patent"), which relates to a technique for delivering the laser beam in a laser peening apparatus.  For each of these infringement claims, Continuum asserts counterclaims of non-infringement, invalidity, and unenforceability of the patents due to inequitable conduct.  On April 3, 2009, LSPT and Continuum filed their joint claim construction charts, identifying the disputed terms for the '019 Patent, the '385 Patent, and the '876 Patent.  The parties have submitted their claim construction briefs, conducted discovery, and the *Markman* Hearing is scheduled September 10, 2010.  The jury trial is scheduled for July 11, 2011.  On July 23, 2010, LSPT filed a motion to continue the *Markman* Hearing until June 2011,[1] citing its Motion to Consolidate in the instant action.  Continuum opposes the motion to continue.  Continuum asserts that further delay is inappropriate, unwarranted, and would prejudice it.

      Nearly two-and-one-half years later, on June 8, 2010, LSPT filed the instant action ("Case 10-526") against Defendant, Metal Improvement Company, LLC ("MIC").  In this case, LSPT asserts MIC's laser system or its performance of laser peening services infringes the '876 patent.  MIC asserts counterclaims of non-infringement, invalidity, and unenforceability of the '876 patent.  Discovery has not commenced.  Continuum and MIC, however, who have common

---

[1]This is the date set forth in the parties' Rule 26(f) report in the instant case.

counsel, have agreed with LSPT that any discovery conducted in either case may be used in the other. LSPT's Disclosure of Asserted Claims and Infringement Contentions is not due until September 13, 2010. Thus, LSPT has not formally disclosed which claim terms are disputed.[2] *See* S.D. Ohio Pat. R. 103.2. The Preliminary Pretrial Order (Doc. 19) notes that the Court will conduct a *Markman* hearing on or soon after June 18, 2011. The Court has not yet set a trial date. On July 23, 2010, LSPT moved to consolidate this case with Case 08-38. MIC opposes consolidation.

## II.

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993); *Mitchell v. Dutton*, Nos. 87-5574, 87-5616, 87-5632, 87-5638, and 87-5647, 1989 WL 933, at *2 (6th Cir. Jan. 3, 1989). Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992) (internal quotation marks and citation omitted). In *Cantrell*, the Sixth Circuit Court of Appeals advised that "the decision to consolidate is one that

---

[2]LSPT has represented, however, that it "*will* . . . assert infringement by MIC of, among other claims, independent claims 1 and 19 of the '876 patent." (Pl.'s Mot. to Consolidate 5.) (emphasis added). LSPT has also alleged that Continuum has infringed independent claims 1 and 19 of the '876 patent.

3

must be made thoughtfully . . . . Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." 999 F.2d at 1011. If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id*. The *Cantrell* Court further instructed that a court should consider the following:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id*. (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted)).

### III.

LSPT asserts that Case 08-38 and Case 10-526 should be consolidated for discovery and the *Markman* hearing because of the common issues of law and fact. LSPT also maintains that consolidation will promote efficiency, consistency, and conservation of resources. In addition, LSPT references the possibility that MIC may file a request for reexamination of the '876 patent with the United States Patent & Trademark Office ("USPTO"). MIC counters that consolidation is not warranted and maintains that consolidation would result in substantial prejudice to MIC and Continuum. The Court declines to consolidate the cases due to the unavoidable delay and prejudice consolidation would cause.

The Court acknowledges the factors that weigh in favor of consolidation. For instance, as LSPT asserts, Case 08-38 and Case 10-526 share some common questions of fact and law. Continuum and MIC have asserted nearly identical invalidity and unenforceability defenses and

counterclaims relating to the '876 patent. Thus, without an agreement between the parties, discovery could overlap. As noted above, however, all of the parties have already cooperated to align the protective orders in place in both cases, and have privately agreed that any discovery conducted in either case may be used in the other. Thus, the existence of these overlapping counterclaims does not weigh heavily in favor of consolidation. *Cf. Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, No. 1:06-cv-1967, 2006 WL 3304218, at *6 n.1 (N.D. Ohio Nov. 13, 2006) (noting that movant's contention that consolidation would be efficient because of the substantial overlap in evidence was meritorious, but diminished because the parties could coordinate discovery efforts whether or not the actions were consolidated; motion to consolidate denied). In addition, assuming LSPT, in conformity with its representations, asserts that MIC infringed independent claims 1 and 19 of the '876 patent, the actions will raise common issues of law relating to the interpretation of the claims and construction of the claim terms. Thus, consolidation would conserve judicial resources because it would obviate the need for the Court to prepare for two claim construction hearings and draft two claim construction decisions. Because both cases are pending in the same court and before the same United States District Judge, however, preparation for Case 10-526's *Markman* hearing would not be nearly as onerous as for Case 08-38's hearing, which again, is already scheduled. For this same reason, the risk of inconsistent claim constructions is minimal.

The multiple considerations weighing against consolidation, however, persuade the Court to deny LSPT's Motion. First, the overlap between the cases is not as significant as LSPT suggests. Case 08-38 involves a different defendant and different accused device than the instant case. Case 08-38 involves three patents, only one of which is implicated in this case. LSPT's

contingent offer to dismiss consolidated Case 08-39, which involves LSPT's claims of infringement relating to the '385 patent, is unpersuasive because unilateral dismissal of Case 08-39 is procedurally unavailable to LSPT at this juncture given Continuum's pending counterclaims. *See* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."). Second, contrary to LSPT's assertions, the cases are not in similar stages of development. Instead, Case 08-38, which was filed nearly two-and-one-half years earlier, has proceeded markedly further than the instant case. In this case, no discovery has occurred, and the disputed claim terms are yet to be formally disclosed. The *Markman* hearing is not anticipated for nearly a year, and no trial date has been set. In contrast, in Case 08-38, the parties have conducted discovery, submitted their claim construction briefs, and the *Markman* hearing is scheduled for September 10, 2010, with a jury trial scheduled for July 11, 2011. Forcing MIC to follow Case 08-38's schedule would indisputably prejudice MIC because the claim construction hearing is scheduled to occur before LSPT's Disclosure of Asserted Claims and Infringement Contentions is due. Likewise, delaying the *Markman* hearing for nearly a year, as LSPT's proposes, necessarily delays, in turn, the Court's claim construction order, any summary judgment proceedings based upon the construction order, and the trial date. This further delay will prejudice Continuum in the form of continuing legal expenses and prolonged uncertainty as to its business activities. Consequently, the Court finds that the substantial prejudice to Continuum and LSPT outweighs the slight conservation of judicial resources accomplished through consolidation.

Finally, the possibility that MIC may file a request for reexamination of the '876 patent does not persuade the Court.  A reexamination request pursuant to 35 U.S.C. § 302 is a request to the USPTO to reconsider previously-issued patent claims on the basis of prior art.  35 U.S.C. § 302.  A reexamination can result in, among other things, cancellation or amendment of the issued claims.  35 U.S.C. § 304.  LSPT maintains that *if* MIC files a reexamination request and *if* MIC is successful in procuring a stay in this case, then a stay of proceedings in Case 08-38 "will almost certainly become necessary as well."  (Pl.'s Mot. to Consolidate 6.)  Although this litigation may unfold as LSPT suggests, at this juncture, neither party in either case has moved for a stay.  Further, even if such a motion is filed, it is not a certainty the Court will grant the motion.  Instead, the Court will consider the motion in view of the then-existing facts and circumstances.  Thus, the possibility that MIC may ask the USPTO to reconsider the '876 patent's claims does persuade the Court to consolidate Case 08-38 with Case 10-526.

### IV.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Consolidate (Doc. 18).

**IT IS SO ORDERED.**

August 30, 2010  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge